IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BROOKE HENDERSON and JENNIFER LUMLEY., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 6:21-cv-03219-MDH ) |
| SCHOOL DISTRICT OF SPRINGFIELD R-12, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is the Court's own motion to strike portions of Plaintiffs' Complaint. (Doc. 1). Federal Rule of Civil Procedure 12(f) provides that "upon motion . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Judges have "liberal discretion" in striking pleadings under Rule 12(f). *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citing *Nationwide Ins. Co. v. Cent. Mo. Elec. Coop., Inc.,* 278 F.3d 742, 748 (8th Cir.2001)). Several paragraphs contained in Plaintiffs' Complaint serve only to argue or attempt to advance the political or philosophical ideologies of Plaintiffs:

> 4. Although "equity" seems like a relatively benign cause—sometimes euphemistically called "social justice," "diversity and inclusion," or "culturally responsive teaching"—it is actually code-speak for a much bigger and more dangerous picture: the practice of conditioning individuals to see each other's skin color first and foremost, then pitting different racial groups against each other.

> 5. Equity is very different from equality. Equity is about so-called fairness. Equality is the principle proclaimed in the Declaration of Independence, defended in the Civil War, and codified into law with the Fourteenth and Fifteenth Amendments to Constitution, the Civil Rights Act of 1964, and the Voting Rights Act of 1965. Equality strives for equal opportunity and colorblind treatment under the law, while equity in practice is an official license to punish individuals based on skin color…

1

9. Slide after slide, image after image, SPS promotes and reinforces a view of race essentialism that divides Americans into oppressor and oppressed based solely on their skin color. SPS sets up a dichotomy between white and non-white races that depicts whiteness as inherently racist and a tool of oppression…

23. Fostering racial identities, promoting the idea that they are in conflict, and perpetuating divisive stereotypes pits individuals against one another based on the color of their skin. SPS's practices take its employees and students further from the truth and reconciliation. Instead, the district's practices divide them into two worlds: the oppressors and the oppressed. They teach them that their whole identity comes from the color of their skin. They teach them to discriminate against each other. They teach them not only *how* to be racist, but that they *should* be racist.

(Doc. 1, Plaintiff's Complaint).

Plaintiffs' Complaint asserts claims for relief against the Springfield Public School District ("SPS") under the First Amendment based on the doctrines of compelled speech and content and viewpoint discrimination. The Complaint further asserts a claim of unconstitutional condition of employment against SPS for requiring employees to attend and participate in "equity training". Paragraphs 4, 5, 9, and 23 above have no bearing on whether SPS violated Plaintiffs' First Amendment rights. Instead, Plaintiffs appear to use these paragraphs only to imply that SPS' views on racism, racial discrimination, and related issues are incorrect and that Plaintiffs' own differing views are correct. Such statements are purely political advocacy and are therefore clearly immaterial and impertinent as required under Rule 12(f). Therefore, it is **ORDERED** that paragraphs 4, 5, 9, and 23 are stricken from Plaintiff's Complaint (Doc. 1).

**IT IS SO ORDERED.**

Dated: November 17, 2021        */s/ Douglas Harpool*
                                **DOUGLAS HARPOOL**
                                **United States District Judge**