IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| Brooke Henderson and Jennifer Lumley, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 6:21-CV-03219 |
| | ) | |
| School District of Springfield, R-12; Board | ) | |
| of Education for the School District of | ) | |
| Springfield, R-12; Dr. Grenita Lathan; | ) | |
| Dr. Yvania Garcia-Pusateri; and | ) | |
| Lawrence Anderson, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendants School District of Springfield, R-12; Board of Education for the School District of Springfield, R-12; Dr. Grenita Lathan; Dr. Yvania Garcia-Pusateri; and Lawrence Anderson, pursuant to Federal Rule of Civil Procedure 56 and respectfully request that the Court grant summary judgment in Defendants' favor on all Counts of Plaintiffs' Complaint. Defendants have separately filed suggestions in support of said motion for summary judgment which are incorporated herein by reference.

As further discussed in the suggestions, Plaintiffs allege that their rights under the First Amendment of the United States Constitution were violated when the School District of Springfield, R12 (the "District") required Plaintiffs, as non-teacher employees, to attend mandatory equity and diversity training in the fall of 2020. Summary judgment is mandated in favor of Defendants for the following reasons:

1. Plaintiffs have not suffered an injury in fact and their claims must be dismissed for lack of standing.

2. Even if Plaintiffs could show standing, which Defendants deny, Plaintiffs' claims fail as a matter of law in that:

    A. Plaintiff's Count I compelled speech claim fails as Plaintiffs cannot show, *inter alia*, the compulsion necessary to establish a compelled speech claim. In addition, Plaintiffs' right to speak does not outweigh the District's compelling interest in prohibiting discrimination through policies and trainings designed to make a school environment free from the effects of discrimination and harassment.

    B. Plaintiffs' Count II content and viewpoint discrimination claim fails as Plaintiffs cannot show, *inter alia*, that the District implemented the equity training because the District personally disagreed with Plaintiffs' expressed personal views, or that the goal of the training was to alter Plaintiffs' personally held views. Additionally, and particularly in the context of a school environment, even if the training were found to be restrictive, it was a reasonable restriction on speech. Efforts to prohibit discrimination and promote equity and diversity, such as those found here, have not been found not to constitute content or viewpoint discrimination.

    C. Plaintiff's Count III unconstitutional condition of employment claim fails as Plaintiffs cannot show that they were denied any benefit of employment.

3. Because none of Plaintiffs' separate claims have merit, they cannot succeed in their requests for a permanent injunction or declaratory relief.

WHEREFORE, for the foregoing reasons, as well as those in Defendants' suggestions in support, Defendants respectfully request that the Court grant summary judgment in Defendants' favor on all Counts of Plaintiffs' Complaint, award Defendants their attorneys' fees and costs, and for such other relief as the Court deems just.

Respectfully submitted,

ELLIS, ELLIS, HAMMONS & JOHNSON, P.C.

By*:*   */s/ Ransom A Ellis, III*
      Ransom A Ellis, III        MBN: 29129
      rellis3@eehjfirm.com
      Todd A. Johnson        MBN: 38363
      tjohnson@eehjfirm.com
      Tina G. Fowler        MBN: 48522
      tfowler@eehjfirm.com
      2808 S. Ingram Mill Road, Suite A104
      Springfield, MO 65804
      Phone: 417-866-5091
      Fax: 417-866-1064
      *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 22nd day of July 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy was made available to all electronic filing participants.

| | |
|---|---|
| Derek H. MacKay<br>Knight Nicastro MacKay, LLC<br>304 W. 10th Street<br>Kansas City, MO 64105 | Celia H. O'Leary<br>Southeastern Legal Foundation<br>560 W. Crossville Rd., Suite 104<br>Roswell, GA 30075 |
| Kimberly S. Hermann<br>Southeastern Legal Foundation<br>560 W. Crossville Rd., Suite 104<br>Roswell, GA 30075 | Jeffrey A. Clayman<br>Southeastern Legal Foundation<br>560 W. Crossville Rd., Suite 104<br>Roswell, GA 30075 |
| Braden H. Boucek<br>Southeastern Legal Foundation<br>560 W. Crossville Rd., Suite 104<br>Roswell, GA 30075 | |

                                                 */s/ Ransom A Ellis, III*
                                                    Attorney of Record