# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| BROOKE HENDERSON, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 6:21-cv-03219-MDH |
| ) | |
| SCHOOL DISTRICT OF ) | |
| SPRINGFIELD R-12, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before this Court is Plaintiffs' Motion to Defer Ruling on Attorney's Fees (Doc. 90) and Motion to Stay (Doc. 92). On January 12, 2023, this Court entered its Order denying Plaintiffs' Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment. (Doc. 88). In its Order, this Court directed Defendants to file a Motion for Attorney's Fees no later than February 17, 2023, should Defendants decide to seek attorney's fees at all. On February 10, 2023, Plaintiffs filed a notice of appeal, acknowledging that the issue of attorney's fees remained undecided by this court (Doc. 89). On February 14, 2023, Defendants then filed the present motions, requesting this Court to defer ruling on the matter of attorney's fees until after the appeal (Doc. 90) and further asking this Court to stay this matter until it issues a ruling on Plaintiff's Motion to Defer Ruling on Attorney's Fees (Doc. 92). As a basis for their request, Plaintiffs state that deferring a ruling on attorney's fees until after an appeal would be in the best interest of judicial economy, as the calculation of attorney's fees is likely to change following appeal, should Defendants succeed on appeal. Or, in the event Plaintiffs succeed on appeal, any decision by this

Court to grant an award of attorney's fees would become moot. Defendants responded in opposition, arguing they had already spent significant resources on preparing their Motion for Attorney's Fees. Defendants further argued that any motion to defer ruling on attorney's fees until after appeal would have needed to come well in advance of the February 17, 2023 deadline to save the opposing party from investing resources into preparing the Motion for Attorney's Fees. Defendants timely filed their Motion for Attorney's Fees on February 17, 2023. (Doc. 97).

This Court agrees with Defendants. Moving to defer ruling on attorney's fees until after appeal only three days in advance of the deadline this Court previously set for Defendant's Motion for Attorney's Fees fails to properly accomplish the goal of judicial economy. It is plain that Plaintiffs, funded by taxpayer dollars, began investing resources to prepare their Motion for Attorney's Fees well in advance of Defendant's Motion to Defer Ruling. This Court is aware that Plaintiffs are public school employees represented by a non-profit legal fund. That does not change, however, that deferring a ruling on attorney's fees fails to properly conserve resources when that motion to defer came only three days before the relevant deadline. Further, Plaintiffs fail to adequately address in their Motion to Defer Ruling how judicial economy, particularly at the appellate level, is served by delaying ruling on the present matter. As Defendant's argue, "the Eighth Circuit should consider both the merits of Plaintiff's case and the reasonableness of this Court's attorney's fee award as the Eight Circuit's rulings will very likely impact the parties' decisions and actions as to potential future attorney's fee applications by the prevailing party." (Doc. 94 at 2). Accordingly, Plaintiffs' Motion to Defer Ruling is **DENIED** and Plaintiff's Motion to Stay is **MOOT**.

**IT IS SO ORDERED.**

DATED: February 21, 2023

                                                */s/ Douglas Harpool*
                                                **DOUGLAS HARPOOL**
                                                **UNITED STATES DISTRICT JUDGE**