**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BROOKE HENDERSON, et al,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 6:21-cv-03219-MDH** |
| | ) | |
| **SCHOOL DISTRICT OF SPRINGFIELD R-12, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court is Defendants' Motion for Attorney's Fees. Plaintiffs, employees of Springfield Public Schools, sued the School District and several of its administrators claiming various free speech violations under 42 U.S.C. § 1983. Specifically, Plaintiffs alleged compelled speech, chilled speech, and content and viewpoint discrimination. Plaintiffs argued that these violations occurred by virtue of Plaintiffs participating in a diversity, equity, and inclusion training that taught principles of equity and anti-racism. Plaintiffs personally disagree with equity and anti-racism. Both parties moved for summary judgment and this court entered summary judgment in favor of Defendants, finding Plaintiffs suffered no injury-in-fact. In its summary judgment motion, Defendants requested this Court grant an award of attorney's fees. The Court ordered additional briefing on the issue of attorney's fees, which the Court has reviewed. Defendants request a total of $312,869.50, representing a total of 1,538.6 hours of work. For reasons herein, Defendants' Motion is **GRANTED**.

Under 42 U.S.C. § 1988, attorney's fees are available for prevailing parties in lawsuits brought pursuant to 42 U.S.C. § 1983. To award attorney's fees to a defendant under § 1988, a court must find that a party's suit was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Williams v. City of Carl Junction, Mo.,* 523 F.3d 841, 843 (8th Cir. 2008) (citations omitted). This indicates a defendant's suit must lack a factual and legal basis. *Equal Emp. Opportunity Comm'n v. CRST Van Expedited, Inc.,* 944 F.3d 750, 756 (8th Cir. 2019). "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State University,* 295 F.3d 849, 851 (8th Cir.2002). District courts may rely on their own experience and knowledge when determining reasonable hourly rates. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). "The award of attorneys' fees lies within the sound discretion of the trial court." *Bass v. Sw. Bell Tel., Inc.,* 817 F.2d 44, 46 (8th Cir. 1987).

This court finds Plaintiffs' claims to be frivolous. As articulated in its summary judgment order, Plaintiffs' claims showed no injury-in-fact whatsoever. Plaintiffs did not allege and no evidence suggested that Defendants enacted any policy or guideline that required Plaintiffs to adhere to a certain viewpoint or articulate a particular message. Crucially, Plaintiffs made clear during the training that they did not agree with principles of equity and anti-racism. Plaintiffs' own allegations show they openly voiced their opposition to the principles taught and discussed. Further, this Court noted the following in its summary judgment order.

> Plaintiffs have failed to argue Defendants forced them to somehow affiliate or associate with a particular message Defendants find objectionable. Rather, facts not in dispute generally show the exact opposite: Plaintiffs voiced their personal objections to anti-racism and equity. Plaintiffs' expression of their views makes clear they neither affirm, endorse, promote, nor adopt equity and anti-racism. Plaintiffs themselves acknowledge this when they argue that Plaintiff Lumley's own coworkers berated her during training for opposing equity and anti-racism (Doc. 77 at 34). Simple logic dictates that Plaintiff Lumley's coworkers cannot both

berate her for opposing equity and anti-racism and simultaneously associate her with those concepts.

Plaintiffs were not fired or demoted for expressing their personal views during the training. Plaintiffs did not lose pay, nor did they experience any adverse or retaliatory employment action whatsoever. Taken together, Plaintiffs' allegations show not only a lack of injury, but more importantly total lack of a factual basis for any sort of First Amendment claim. Plaintiffs were neither ordered nor induced to say a particular message or refrain from a particular message.

At most, Plaintiffs' claims amount to disagreement with the views expressed during the training. As this Court noted in its summary judgment order, it is not acceptable for public employees to simply disregard a training that is lawful, but may be at odds with the employee's personal views. To hold the opposite would make the management of a large, urban school district untenable. Finally, the political undertones of Plaintiffs' allegations, when considered alongside the lack of a factual basis for their claims, demonstrate how Plaintiffs' lawsuit has trivialized the important work of the federal judiciary. Plaintiffs attempted to drag Defendants into a political dispute rather than seek remedy for a genuine harm. This Court is a forum for litigation of genuine disputes of fact and law alone, rather that frivolous political disagreement. Defendants have invested significant time and tax dollars into defending this lawsuit. These resources would have been better spent ensuring educational opportunities for students.

Defendants request a total of $312,869.50, representing a total of 1,538.6 hours of work. In support, Defendants include various affidavits outlining hourly rates and tables identifying specific tasks undertaken. Defendants' description of tasks performed is sufficiently specific to allow for meaningful review. Given the nature of Plaintiffs' claims and the amount of discovery involved, Defendants' request is reasonable. Further, as Defendants note, even though extensive

discovery revealed an obvious lack of injury-in-fact, Plaintiffs nonetheless continued pursing their claims. This speaks not only to a basis for granting attorney's fees, but also a basis for awarding a higher amount of fees, as significant time was spent preparing dispositive motions. Plaintiffs' hourly rates are reasonable, given the norm in this jurisdiction.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for Attorney's Fees is **GRANTED**. Defendants are awarded attorney's fees in the amount of $312,869.50.

**IT IS SO ORDERED.**

Dated: March 31, 2023

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**United States District Judge**