IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BROOKE HENDERSON, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 6:21-cv-03219-MDH |
| ) | |
| SCHOOL DISTRICT OF ) | |
| SPRINGFIELD R-12, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Defendants' Bill of Costs, wherein Defendants ask this Court to order Plaintiffs pay Defendants' litigation costs in the amount of $5,073.35. (Doc. 109). This total amount represents $3,267.10 for fees associated with recorded transcripts necessary for this case. The remaining $1,806.25 reflects costs associated with mediation. Plaintiffs object, arguing that "Defendants should not be the prevailing party under Rule 54(d) and that, in any event, costs should not be assigned given the financial position of the litigants and their case." (Doc. 114 at 2). Defendants contend that costs are appropriate because "no equitable factors are present making it unreasonable to charge costs to Plaintiffs." (Doc. 118 at 2). Specifically, Defendants point to the fact that both Plaintiffs are employed and that the underlying suit was found to be frivolous. On balance, this Court believes awarding costs is appropriate under 28 U.S.C. § 1920. Plaintiffs have not sufficiently shown that concerns of equity would make an award of costs unreasonable. The Eighth Circuit, however, has specifically held that costs associated with mediation are not recoverable under § 1920. *Brisco-Wade v. Carnahan*, 297 F.3d 781, 783 (8th Cir. 2002). Therefore, it is **ORDERED** that costs be taxed against Plaintiffs in the amount of $3,267.10 in

favor of Defendants. This amount reflects the total amount requested minus costs associated with mediation, not taxable here.

**IT IS SO ORDERED.**

Dated: April 20, 2023                                                     <u>　/s/ Douglas Harpool　　　</u>
**DOUGLAS HARPOOL**
**United States District Judge**