IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BROOKE HENDERSON, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 6:21-cv-03219-MDH |
| | ) | |
| SCHOOL DISTRICT OF | ) | |
| SPRINGFIELD R-12, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiffs' Motion to Refer or Recuse. (Doc. 129). On March 31, 2023, this Court granted Defendants' Motion for Attorney's Fees, after finding Plaintiff's lawsuit frivolous. (Doc. 107). Thereafter, Attorney Hermann, counsel for Plaintiffs, appeared on national media outlets and made several comments about the intent behind this Court's order on Defendants' Motion for Attorney's Fees. This Court then issued an Order to Show Cause, ordering Plaintiffs to show how Attorney Hermann's comments failed to violate several specific rules within the Missouri and Georgia Rules of Professional Conduct. (Doc. 115). Plaintiffs responded to this Court's order. (Doc. 126). This Court then issued a second Order to Show Cause ("Second Order"), finding Plaintiffs' response to this Court's first Order to Show Cause inadequately addressed any basis for Attorney Hermann's comments. The present Motion seeks from this Court a referral of any potential disciplinary matter to the Court *en banc*, or in the alternative, recusal from imposition of any discipline. As a basis for the request, Plaintiffs cite *inter alia* Fifth Amendment Due Process.

At the core of Plaintiffs' present Motion is the argument that this Court's Second Order "and its recasting of the original Order, makes clear that this is an investigation into Attorney Hermann for purposes of punishing her outside of the required process and protections of Local Rule 83.6." (Doc. 129 at 6).[1] Simply put, this is incorrect. This Court does not seek to impose any disciplinary action against Attorney Hermann outside procedure described in Local Rule 83.6. Rather, this Court simply seeks to substantiate whether it is reasonable to believe a violation of Missouri Rule of Professional Conduct 4-8.2 has occurred. Missouri Rule of Professional Conduct 4-8.2 prohibits, *inter alia,* statements from attorneys about the integrity of a judge made with reckless disregard of the truth. Whether an attorney's specific statements violate Rule 4-8.2, of course, hinges on any basis an attorney may have had for making certain statements. It is impossible to discern whether referral is appropriate without an understanding whether certain statements reflect a reckless disregard for truth. This requires a basic understanding of why certain statements were made and how, if at all, the attorney believed them to be true. Without such an understanding, it remains impossible to determine whether sufficient evidence exists to pursue a fuller investigation and disciplinary proceeding at the *en banc* level pursuant to Local Rule 83.6. Put differently, this Court's Second Order seeks some level of substantiation as to whether a violation has occurred, before determining whether to refer the matter to the Court *en banc* for an

---

[1] Plaintiffs also cite how this Court's Second Order requires "Attorney Hermann" to respond rather than "Plaintiffs." Plaintiffs contend this shows the Court seeks to impose discipline on Attorney Hermann apart from the process outlined in Local Rule 83.6. Plaintiffs are again incorrect. While Attorney Hermann is of course not a party to the underlying dispute, Attorney Hermann's comments and any disciplinary matter that may result, are related to, but separate from, the underlying constitutional claims in the original lawsuit. The Second Order required a response from "Attorney Hermann" rather than "Plaintiffs," simply for clarity's sake. While Attorney Greim has entered his appearance on behalf of Plaintiffs (Doc. 125), Plaintiffs have made clear they have sought counsel from Attorney Greim for representation on the issues discussed in this Court's Order to Show Cause. (Doc. 116).

2

Case 6:21-cv-03219-MDH   Document 130   Filed 06/06/23   Page 2 of 4

investigation. This is entirely consistent with the text of Local Rule 83.6(d)(1), which reads as follows.

> When misconduct, or allegations which, if substantiated, would constitute misconduct, on the part of an attorney admitted to this Bar come to the attention of a judge, whether by complaint or otherwise, and the applicable procedure is not otherwise mandated by this Rule, the Judge may initiate a disciplinary investigation. If the misconduct or allegations come to the attention of the Clerk, the Clerk shall refer the matter to the Chief Judge, who may initiate a disciplinary investigation.

Not only does the above text emphasize the importance of *substantiating* possible misconduct, but also it provides this Court with the ability to initiate a disciplinary investigation. This Court does not lightly undertake the decision to make an ethics referral to the Court *en banc*. The information requested in the Second Order will assist this Court in determining if referral to the Court *en banc*, a state bar's disciplinary counsel, or both, is appropriate. The Court's initial Order to Show Cause as well as the Second Order in fact effectuate part of the disciplinary process outlined in Local Rule 83.6: substantiating possible misconduct. Ordering a party to show cause in an instance such as this does not appear uncommon. *See, e.g., In re Fletcher,* 424 F.3d 783, 789 (8th Cir. 2005) (court ordered attorney to show cause as to why he should not be sanctioned then forwarded matter to Western District pursuant to rule 83.6(d)). Plaintiffs also seek an administrative stay of this matter. The Court, however, finds no reason to further delay resolution. The Court also finds no reason to recuse itself from this case more broadly. If Plaintiffs are successful on appeal, this Court is willing and able to handle future proceedings objectively, consistent with any order from the Eighth Circuit.

## CONCLUSION

For foregoing reasons, Plaintiffs' Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 6, 2023  /s/ Douglas Harpool

**DOUGLAS HARPOOL**

**United States District Judge**