**Case No. 23-2394**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

---

**In re:**

**BROOKE HENDERSON AND JENNIFER LUMLEY,**

*Petitioners,*

**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI,**

*Respondent,*

**SCHOOL DISTRICT OF SPRINGFIELD R- 12, BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF SPRINGFIELD R- 12, GRENITA LATHAN, YVANIA GARCIA-PUSATERI, AND LAWRENCE ANDERSON,**

*Real Parties in Interest.*

---

On Petition for Writ of Mandamus from the United States District Court for the Western District of Missouri,
The Honorable M. Douglas Harpool, District Judge
Case No. 6:21-cv-03219-MDH

---

**EMERGENCY MOTION FOR ADMINISTRATIVE STAY, AND COMBINED MOTION FOR STAY, OF DISTRICT COURT'S ORDER PENDING RULING ON PETITION FOR WRIT OF MANDAMUS**

---

COME NOW PETITIONERS and move for: (1) an emergency administrative stay of the District Court's Order to Show Cause, returnable **Friday, June 9, 2023**;

and (2) upon due consideration, a stay of that Order pending this Court's disposition of the Petition for Writ of Mandamus.

The Writ would order the District Court to stop its *sua sponte* investigation of its own disciplinary grievance against Petitioners' counsel for statements they made about the District Court's decision after they appealed it to this Court, because: (a) Local Rule 83.6 assigns this task to the *en banc* Court, and the District Court is violating due process by serving as judge of its own case; and (b) the District Court is interfering with this Court's appellate jurisdiction because it is exploring the legal and factual basis for Petitioners' counsel's criticism of his fee award in the underlying civil rights case, forcing public disclosure of attorney work product in the same matter Petitioners are now litigating before this Court as Appellants in Case No. N23-1374, (8th Cir., filed Feb. 27, 2023).

## INTRODUCTION

The Honorable M. Douglas Harpool (W.D. Mo.) is interfering with this Court's appellate jurisdiction, and violating controlling local rules and due process, by investigating his own disciplinary complaint that Petitioners' counsel, Kimberly Hermann, criticized two of his decisions *after* appealing them to this Court. In serving as investigator of its own complaint, allegedly to decide whether its own allegations are "substantiated," the District Court violates Local Rule 83.6, which assigns such investigations and probable cause findings ***solely*** to the *en banc* Court.

This avoids recusal obligations and due process violations triggered by complainant-judges wearing multiple hats. Further, the District Court interferes with this Court's appellate jurisdiction by forcing Petitioners to publicly disclose attorney work product on their fee challenge, re-litigating whether *the District Court* approves the fee arguments Petitioners now present to *this Court* on appeal.

Petitioners have filed a Petition for Writ of Mandamus to compel the District Court to: (a) withdraw its Order demanding a **Friday, June 9, response**, to questions about counsel's research on the attorney fee issue; and (b) terminate its investigation to "substantiate" and make probable cause findings on its own grievance. Immediate relief is necessary because the District Court has not ruled on Petitioners' motion to stay its Order pending resolution of the Writ, filed in the afternoon of June 7, 2023.

## Background

On August 18, 2021, Petitioners, the Plaintiffs[1] in the underlying case and Appellants in this Court on that same matter, represented by Attorney Kimberly S. Hermann and others from the Southeastern Legal Foundation, filed a complaint against the Springfield School District alleging various free speech claims under 42 U.S.C. § 1983. On cross-motions for summary judgment, the District Court, the Hon. Douglas Harpool, denied Petitioners' motion and granted Defendants'. The District Court found Petitioners' claims "frivolous" and later awarded the defendant

[1] The Petitioners are the Plaintiffs in the underlying case.

Springfield School District $312,869.50, in attorneys' fees, over 100% of their request. On appeal in this Court, Petitioners and numerous amici have argued that this award was extraordinary, driven by impermissible considerations, and has the intent and effect of chilling civil rights claims like Petitioners.'

After filing Petitioners' appeals, between April 11 and 13, 2023, Attorney Hermann made three sets of public statements strongly criticizing the District Court's decisions. They track the grounds of Petitioners' appeals. The District Court became aware of them and *sua sponte* initiated a disciplinary investigation on April 18, 2023, by issuing a Show Cause Order [Doc. 115] ordering Petitioners:

> [T]o show cause no later than April 20, 2023 as to how Attorney Hermann's statements fail to violate Georgia Rule of Professional Conduct 3.6 and Missouri Rules of Professional Conduct 4 3.6 and 4-8.2, made applicable through United States District Court for the Western District of Missouri Local Rules 83.5 and 83.6, and why sanctions should not be imposed for any such violation.

*Id.* at 2. The Defendants never asked for or participated in the court's *sua sponte* investigation.

Petitioners responded to the District Court, showing that Attorney Hermann's statements complied with Rules 3.6 and 8.2. Petitioners also cited Local Rule 83.6, which provided that only the Western District *en banc* could investigate or make probable cause findings on attorney discipline. Petitioners also showed that due process imposes limits on any power to sanction parties. *Id.* at 26-31.

On May 24, 2023, the District Court issued a Second Show Cause Order. [Doc. 128]. In that order, the District Court disagreed with Petitioners' legal and factual arguments, listing specific facts Attorney Hermann would need to prove to establish "her belief that the statements were true," including:

- Specifically addressing whether particular statements made by Attorney Hermann, identified in the original Show Cause Order, were true and the basis for such belief;
- Identifying in detail any research, interviews, or findings, supporting her belief that her statements were true, including prior orders in other cases;
- Identifying any orders by the District Court awarding attorney fees in favor of a party against whom a constitutional claim was filed, which Attorney Hermann considered prior to making her statements;
- Identifying any orders by the District Court awarding attorney fees in favor of a party filing a constitutional claim, which Attorney Hermann considered;
- Specifically addressing why Attorney Hermann's statements referred to claims by parents rather than claims by public school employees, subject of the instant litigation; and,
- Identifying any case involving parents' constitutional rights considered by Attorney Hermann in making the statements, including any case in which the District Court awarded attorney's fees against parents.

*Id*. at 5. The District Court ordered "Attorney Hermann to file" by June 9, 2023, a "supplementary response . . . specifically addressing whether [the Statements] . . . were true and the basis for such belief." *Id*.

Made keenly aware by the Second Show Cause Order that the District Court intended to investigate its own complaint against Ms. Hermann by determining if her statements matched the District Court's own perception of its intent in awarding fees, Petitioners filed a Motion on June 2, 2023, asking the District Court to surrender the proceeding to the Western District *en banc* or recuse. [Doc. 129 at 8, 11]. The District Court denied Petitioners' motion and request for administrative stay on June 6, 2023. [Doc. 130].

Following the District Court's denial of Petitioners' Motion to Refer or Recuse, Petitioners filed a Petition for Writ of Mandamus (the "Petition") with this Court, *id*., asking it to compel the District Court to (a) withdraw its Order demanding a **Friday, June 9, response**, to questions about counsel's research on the attorney fee issue; and (b) terminate its investigation to "substantiate" and make probable cause findings on its own grievance. This Emergency Motion accompanies that Petition.

Finally, Petitioners returned to the District Court one last time, on the afternoon of June 7, 2023, to renew their earlier stay motion, this time seeking a stay pending the outcome of this Petition. As of this filing, the District Court has not ruled on Petitioners' renewed stay motion.

## ARGUMENT

For the reasons set out in the concurrently filed Petition, Petitioners are entitled to an administrative stay, and then upon due consideration, a stay pending further review, of the District Court's May 24, 2023 order requiring Petitioners to answer various questions and publicly disclose attorney work product by this Friday, June 9, 2023. As explained in the Petition, the District Court is exceeding its authority by (1) conducting a disciplinary investigation to "substantiate" its own allegations and establish a reason to believe misconduct occurred for its own attorney grievance, in conflict with Local Rule 83.6, which assigns these tasks solely to the *en banc* Court; and (2) interfering with this Court's appellate jurisdiction by requiring Petitioners to disclose their attorney work product, and otherwise investigating and determining whether it is satisfied with Petitioners' development of the same argument they are now making in this Court on appeal, to wit, that the District Court sought to chill civil rights claims when it awarded fees to a civil rights defendant under 42 U.S.C. § 1988.

1. Petitioners will suffer irreparable harm if this Court does not hold the District Court's Order—and unauthorized disciplinary investigation—in abeyance while this Court assesses the merits of the Petition. As it stands, Petitioners must respond to the District Court's Order by June 9, 2023. Given the incredibly short timeframe between Petitioners' filing of the Petition and the impending deadline for

Petitioners' response in the District Court, Petitioners' request for a temporary administrative stay of the District Court's Order is an appropriate way to maintain the status quo while giving "the court sufficient opportunity to consider the merits of the" Petition. *Brady v. NFL*, 638 F.3d 1004, 1005 (8th Cir. 2011); *see also Redmond v. United States*, 507 F.2d 1007, 1011 (5th Cir. 1975) (granting "a stay of [administrative] enforcement of the period of disqualification pending the final outcome of this cause on appeal"); *Cobell v. Norton,* 391 F.3d 251 (D.C. Cir. 2004), 2004 WL 603456, at *1 (granting an administrative stay "to give the court sufficient opportunity to consider the merits of the motion").

The equities also support this request. As the Petition illustrates, complying with the District Court's Order will require Petitioners to publicly divulge internal attorney work product. Indeed, the District Court's Order places the court in the position of reviewing Petitioners' work product on a matter that may come back before that very court were the matter to be remanded by this Court after appeal and not reassigned. Additionally, the District Court's Order impermissibly requests Petitioners provide legal research and analysis concerning an appeal pending before this Court, including:

- Identifying in detail any research, interviews, or findings, supporting her belief that her statements were true, including prior orders in other cases;

- Identifying any orders by the District Court awarding attorney's fees in favor of a party against whom a constitutional claim was filed, which Attorney Hermann considered prior to making her statements;
- Identifying any orders by the District Court awarding attorney's fees in favor of a party filing a constitutional claim, which Attorney Hermann considered;
- Identifying any case involving parents' constitutional rights considered by Attorney Hermann in making the statements, including any case in which the District Court awarded attorney fees against parents.

[Doc. 128. at 5].

Additionally, if the District Court can continue investigating to "substantiate" its own finding of probable cause on its own disciplinary allegations, Attorney Hermann's due process rights will be irreversibly violated. In essence, the District Court will improperly direct a disciplinary investigation and make its own finding concerning probable cause (that is, reason to believe that a violation occurred), an action Local Rule 83.6(d) reserves only for the Western District *en banc*.

Waiting for the District Court to see its efforts through and then directly appealing the outcome is not a meaningful substitute, as the rights of Attorney Hermann and her clients are violated by having to defend a lower court's improper investigation and determination on the same attorney's fee argument they are arguing on appeal in this Court.

2. In order to facilitate the expeditious review of the writ petition, Petitioners respectfully request that this Court expedite the review of this emergency

administrative stay motion, the combined motion to stay, and also the contemporaneously-filed writ petition.

## CONCLUSION

Petitioners respectfully request that this Court maintain the status quo by entering an administrative stay, and then in due course entering a stay, holding the District Court's Order demanding the public disclosure of attorney work product by June 9, 2023, in abeyance pending the resolution of the Petition.

Dated: June 8, 2023

Respectfully submitted,

**GRAVES GARRETT, LLC**

*/s/ Edward D. Greim*
Edward D. Greim
1100 Main Street, Suite 2700
Kansas City, MO 64105
Telephone: (816) 256-3181
Fax: (816) 256-5958
edgreim@gravesgarrett.com

***Counsel for Petitioners &***
***Ms. Kimberly Hermann, Esq.***

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(2)(A) because this brief contains 1,936 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Times New Roman 14-point font.

*/s/ Edward D. Greim*
Attorney for Petitioners

## CERTIFICATE OF SERVICE

I certify that this Emergency Motion for Administrative Stay and Combined Motion to Stay was filed with the Clerk of Court on June 8, 2023, via this Court's electronic filing system. I also certify that a copy of this Petition will be filed in the record in case number 6:21-cv-03219 providing notice to the parties and the District Court in the District Court case.

*/s/ Edward D. Greim*
Attorney for Petitioners